IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN LETROY HUNTER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:10-CV-00778 |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | **\* DEATH PENALTY CASE \*** |
| Respondent. | § | |

## RESPONDENT THALER'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTIONS FOR DISCOVERY UNDER RULE 6, EXPANSION OF THE RECORD UNDER RULE 7, AN EVIDENTIARY HEARING UNDER RULE 8, AND A SECOND ADMINISTRATIVE STAY

Petitioner Calvin Hunter has a federal petition pending before this Court, to which the Director has responded, and his counsel has now moved the Court for discovery under "Special Habeas Rule 6," to expand the record under Rule 7, for an evidentiary hearing under Rule 8 of the Rules Governing Habeas Corpus Cases Under Section 2254 (West 2011), and for an administrative stay. The Court should deny Hunter's motions as wholly inadequate and without merit.

Briefly, Hunter was convicted of capital murder and sentenced to death on July 28, 2004. *State v. Hunter*, No. 968719 (230th Dist. Ct., Harris County, Tex.) At the punishment phase of trial, Hunter presented evidence of mental retardation (MR), which was rebutted by clinical psychologist George

Denkowski, Ph.D., and others.  The jury rejected Hunter's mental retardation claim.  Hunter's appeals were unsuccessful.  *Hunter v. Texas*, 243 S.W.3d 664 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 51 (2008).  In his first state habeas proceeding, in which he challenged the jury's determination that he is not mentally retarded, the trial judge entered numerous factual findings and concluded that Hunter is not mentally retarded.  *Ex parte Hunter*, No. 69,291-01 (unpublished).  In federal court, Hunter was granted an unopposed stay from this Court so he could return to state court to exhaust claims concerning Dr. Denkowski.[1]  At Hunter's subsequent state habeas proceeding, his application was dismissed as an abuse of the writ.  *Ex parte Hunter*, No. 69,291-02 (unpublished).  The Court has Hunter's petition, which contains his Denkowski claims, and the Director's answer now before it.

Attached to each of Hunter's motions is a document styled *Texas State Board of Examiners of Psychologists v. George C. Denkowski, Ph.D.*, State Office of Administrative Hearings, Docket No. 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, and titled "Settlement Agreement" (Agreement).  Because Hunter's intent is unspecified and unclear from his motions—all virtually identical except for the rule he cites—it must be presumed that the basis for Hunter's motions is the Agreement.  The Director opposes these motions for the reasons outlined in his answer to Hunter's

---

[1]     Hunter's original case in this Court was numbered 4:08-cv-00486.

petition.   Hunter raised meritless claims concerning his alleged mental retardation and Dr. Denkowski that no amount of further development could ever render sufficient to warrant a grant of habeas relief.  Hunter also fails to show he is entitled to any of the forms of  relief he requests, and his motions should be denied.

## ARGUMENT

I.   **As Required by Rule 6, Hunter's Motion for Discovery Does Not Show Good Cause for Discovery, Raise a Prima Facie Claim, or Specify What He Seeks.**

With no specificity, Hunter generally moves the Court "for Discovery Under Special Habeas Rule 6."  Hunter's motion must be denied because he does not meet any of the requirements of Rule 6.  Hunter does not show "good cause" for his discovery request, he does not set forth a prima facie claim for relief, and he does not specify what discovery he seeks.

"A habeas petitioner, unlike the usual litigant in federal court, is not entitled to discovery as a matter or ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, a habeas petitioner is entitled to discovery only "where specific allegations before the Court show reason to believe that the applicant may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief[.]"  *Harris v. Nelson*, 394 U.S. 286, 300 (1969).  Moreover, a federal habeas petitioner is only entitled to discovery "for good cause shown." Rule 6(a).

Although "good cause" is not defined, the Advisory Committee Notes to Rule 6 explain that the rule is consistent with the *Harris* rule that a federal district court must provide discovery only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.* at 300 (emphasis added).

Further, both the Supreme Court and the Fifth Circuit have held that a petitioner must allege a prima facie claim for relief before they are entitled to discovery:

> In appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie claim for relief, may use or authorize the use of suitable discovery procedures ... reasonably fashioned to elicit facts necessary to help the court to "dispose of the matter as the law and justice require."

*Id.* at 290 (emphasis added); *see also Bracy*, 520 U.S. at 904 (holding that "[b]efore addressing whether petitioner is entitled to discovery under this Rule to support his judicial-bias claim, we must first identify the 'essential elements' of that claim");[2] *Montoya v. Scott*, 65 F.3d 405, 417 (5th Cir. 1995) (holding that court considering whether to allow habeas petitioner to conduct discovery must

---

[2]     The Fifth Circuit has concluded that the "*Bracy* decision does not lower the gate for discovery in habeas cases, but rather it merely reasserts the standards of *Harris v. Nelson.*"  *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000) (habeas discovery rules do "not authorize fishing expeditions").

first examine legal basis for claims to determine if allegations state prima facie claim for relief); *East v. Scott*, 55 F.3d 996, 1005 (5th Cir. 1995) (holding petitioner not entitled to discovery because allegations failed to state prima facie claim).  Thus, a habeas petitioner may not utilize post-conviction discovery as a means to meet his initial burden of alleging a prima facie claim.  Rather, he must assert a prima facie claim before a federal habeas court may properly grant discovery.

Moreover, a petitioner's factual allegations must be specific, rather than conclusory or speculative, in order to warrant discovery under Rule 6.  *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996); *East*, 55 F.3d at 1005; *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994) ("Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence"). "Conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible will not entitle one to discovery or a hearing." *Perillo*, 79 F.3d at 44 (citation omitted); *see also Murphy*, 205 F.3d at 814-15 (holding petitioner not entitled to discovery because speculative allegation that prosecutor suppressed evidence of secret deal with witness failed to establish prima facie *Brady* claim); *East*, 55 F.3d at 1005 (holding speculative allegation suggesting discovery might uncover evidence tending to prove element of claim

insufficient to entitle petitioner to discovery);[3] *Ward*, 21 F.3d at 1367 (holding that "Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions").

### A.      No "good cause" is shown.

Although Hunter sets out Rule 6 in his Section II, he does not adhere to the rule's requirements.  Notably, in what is presumably his showing of "good cause, as required in Rule 6(a), Hunter misleads the Court when he states that,

> Dr. Denkowski, the State's primary witness in the trial of Calvin Hunter, has now been officially reprimanded by the Texas Medical Board.  His methods for determining whether an individual was retarded have been found to be medically unsound and they have been rejected by the Texas mental health establishment.

Discovery Motion at 1.  First, the "Texas Medical Board" is not the administrative body involved in the matter; it is the Texas State Board of Examiners of Psychologists (TSBEP).  Second, as the Agreement clearly shows, there was no such finding.  Not only do the Agreement's four findings not include a finding that Dr. Denkowski's methods were "medically unsound," they do not

---

[3]      East asserted that the prosecution knowingly used false testimony in violation of *Napue v. Illinois,* 360 U.S. 264, 271 (1959).  *East,* 55 F.3d at 1005. Accordingly, he had to allege specific facts suggesting that the prosecution knew the testimony was false.  *Id.*  The court noted that East failed to allege any facts suggesting that the prosecution knew about the false testimony and that the record contained nothing that should have put the prosecution on notice of the falsity.  *Id.*

include any findings at all as to Dr. Denkowski's work in the cases involved.[4] Hunter's alleged "good cause" is, thus, spurious, and he cannot show that he is illegally confined or that the Agreement entitles him to relief.

### B.    No prima facie claim for relief is shown.

Hunter does not state a prima facie claim for relief.  Rule 6(b) states that he "must provide reasons for the request."  But he provides none.  Hunter's false claim that Denkowski's methods were "found to be medically unsound" does not establish a prima facie case that he is entitled to relief on his Denkowski claims, based on the Settlement Agreement.  And he offers nothing else to the Court which would constitute any reasons for the request.

With the exception of the Agreement—which ended the litigation—all of the information relating to the Denkowski complaints was known to Hunter at the time of his subsequent state habeas proceeding[5]; there is no reason why any relevant factual inquiry could not have occurred at that point.  Further, there is no reason why any relevant inquiry could not have occurred prior to the filing

---

[4]    Complaints brought to TSBEP against Dr. Denkowski included several litigants in whose cases Dr. Denkowski testified.  The exact number is unknown, and cannot be determined merely by the complaint numbers listed in the Settlement Agreement because some litigants brought more than one complaint, *i.e.* Daniel Plata, on whose behalf four complaints were filed with TSBEP.

[5]    *Texas State Board of Examiners of Psychologists v. Denkowski* was initiated February 27, 2009, with a complaint and request to docket the case, filed by TSBEP.  Hunter's federal case was abated so he could pursue his Denkowski claims on August 10, 2009.

of Hunter's federal petition.  Simply put, there is nothing to be discovered that Hunter could not have discovered before he filed his federal petition.

### C.    Hunter does not include <u>any</u> discovery in his motion.

As Hunter appears to know—since he quotes Rule 6(b)—it is mandatory that he attach or include the discovery he seeks.  "The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." In the Advisory Committee Notes, this section of the rule is intended "to advise the judge of the necessity for discovery and enable him to make certain that the inquiry is relevant and appropriately narrow."  The absence of interrogatories and requests for admission in Hunter's motion indicates that  Hunter's request is intended to engage in the type of "fishing expedition" specifically prohibited by the rules of habeas corpus and the precedent of this circuit. *Murphy*, 205 F.3d at 814.  The materials he seeks are already known to him, and any further inquiry would merely dredge up unexhausted and procedurally barred factual materials.  For these reasons, Hunter has not alleged factual allegations which, if proven true, would entitle him to federal habeas relief.  This omission does not inform the Court of the necessity for the discovery Hunter seeks—which is unspecified—and he has not met the requirements of Rule 6.  Consequently, his motion for discovery should be denied.

## II.   As Required by Rule 7, Hunter Has No Relevant Basis or Explanation for Expanding the Record.

Hunter also seeks an expansion of the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases.  Rule 7 allows the expansion of the record to "include material relevant to the merits of the petition."  Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes, 1976 Adoption (West 2011).  A purpose of the rule is to eliminate unnecessary hearings.  *Id.*  In Hunter's motion, however, he merely quotes the rule while misleading the Court with the same incorrect statement that the "Texas Medical Board" found Dr. Denkowski's MR determination methods to be unsound.  Expand Record Motion at 1.  Hunter does not even establish how the Settlement Agreement between Dr. Denkowski and TSBEP is relevant to this proceeding.  The Director opposes this motion because further expansion of the record is unnecessary; it would only produce unexhausted and procedurally barred materials which are not relevant to his claims, including the Agreement. Hunter's Denkowski claims are meritless, the Agreement has no finding relevant to the claims, and, as Hunter fails to show the necessity of expanding the record, his motion should be denied.

## III.   Rule 8 Is Not Authority for Another Evidentiary Hearing for Hunter; His Right to Discovery Is Governed by 28 U.S.C. § 2254.

Of all of Hunter's motions, his motion for an evidentiary hearing under

Rule 8 is the most perplexing. While his motion title cites Rule 8 of the Rules Governing Section 2254 Cases, he states in the first paragraph that his request is "pursuant to Texas Code of Criminal Procedure Article 11.07 § 3(d)." Hearing Motion at 1. Hunter follows that with his now-stock statement that the "Texas Medical Board" found Dr. Denkowski's methods for determining mental retardation "to be medically unsound and they have been rejected by the Texas mental health establishment." *Id.* Hunter restates his Denkowski-related claims and then quotes Rule 8. The Director contends that Hunter's motion for evidentiary hearing is wholly inadequate to warrant a hearing by this Court. Hunter does not tell the Court why it should hold a hearing or on what grounds a hearing should be held. Hunter does nothing more than restate his Denkowski-related claims raised in his petition, and attaches the now-ubiquitous Agreement. Moreover, Rule 8 is merely a procedural guideline for holding a federal hearing. AEDPA determines whether Hunter is entitled to a hearing. And under AEDPA, the motion should be denied.

A petitioner must develop the factual basis of his claim in state court to be entitled to an evidentiary hearing in federal court. 28 U.S.C. §2254(e)(2). Where the petitioner has failed to do so, the Court must find that the state did not provide him with a full and fair hearing and that his allegations, if proven true, would entitle him to relief. *Murphy v. Johnson*, 205 F.3d at 816; 28 U.S.C.

§2254(e)(2). Further, a petitioner who has not developed the factual basis of his claim may be granted an evidentiary hearing in federal court only if one of the two conditions set out in §2254(e)(2) is met.[6] §2254(e)(2)(A),(B). "[O]vercoming the preclusive effect of §2254(e)(2) does not *guarantee* an evidentiary hearing, it only opens the door for one." *Clark v. Johnson*, 202 F.3d 760, 765 (5th Cir. 2000). The district court still has the discretion to grant or deny an evidentiary hearing. *Id.*

Importantly, the lack of an evidentiary hearing in state court does not effect the presumption that the state court findings of fact are correct. *See* 28 U.S.C. §2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir. 2001). Moreover, deference to a state habeas court's factual determinations is not dependent upon the quality of the state court's evidentiary hearing. *Valdez*, 274 F.3d at 950. "[A] full and fair hearing is not a precondition to according §2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying §2254(d)'s standards of review." *Id.* at 951.

Hunter's jury determined he was not mentally retarded. Without a live

---

[6]     First, the petitioner's claim must rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or on a "factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.* § 2254(e)(2)(A). Alternatively, the applicant must show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B).

11

hearing, the state habeas judge—who also presided at Hunter's trial—issued numerous findings and concluded that Hunter is not mentally retarded. *Clark*, 202 F.3d at 766 ("[W]e have repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims, especially where, as here, the trial court and the state habeas court were one in the same."). Hunter now asks for another hearing on his exemption-from-the-death-penalty-under-*Atkins-v.-Virginia* claim.[7] Hunter is simply not entitled to yet another hearing. By the grace of this Court, he has already presented his Denkowski-related claims to the state courts. Any further claims are precluded by §2254(e)(2), unexhausted, and procedurally barred from federal review.

Hunter cannot escape the fact that he was afforded two state hearings on his MR claims, or the fact that the state habeas court had before it Hunter's claims that Dr. Denkowski testified falsely, or the fact that the state court dismissed his Denkowski-related claims as an abuse of the writ. Hunter simply cannot clear the preclusive effect of §2254(e)(2). For reasons previously asserted in the Director's answer to his federal petition, Hunter's MR and Denkowski-related claims are without merit. Thus, any new MR- or Denkowski-related claim, even if true, would not entitle him to federal habeas relief. This Court

---

[7]     536 U.S. 304 (2002).

should, therefore, deny Hunter's request for an evidentiary hearing.

## IV. Hunter's New "Evidence" Does Not Entitle Him to a Second Administrative Stay.

Hunter sought his first abatement from this Court prior to filing his federal petition so he could exhaust his Denkowski-related claims. The CCA dismissed them as an abuse of the writ, and Hunter included them, as well as two mental-retardation claims, in his federal petition. Hunter now wants another abatement because the complaints against Dr. Denkowski have been settled. The Court should deny the motion.

Hunter's motion for a second administrative stay does not meet the standard set by the Supreme Court for abatement relief. Hunter's motion for administrative stay does not contain a new, freestanding claim. It merely seeks to add new "evidence" of his claim, and as the new "evidence" lacks sufficient specificity to support his Denkowski-related claims and is thus irrelevant. Hunter's motion to stay this proceeding so he can return to state court with his new "evidence" is nothing more than a delay tactic and an attempt to get before this Court evidence which is both irrelevant and procedurally barred. Further, Hunter's Denkowski-related evidence is barred from federal review under AEDPA because Hunter cannot show he is innocent of the death penalty. His Denkowski-related claim is meritless, and the motion should be denied.

## A.   Hunter is not entitled to a stay under *Rhines*.

The applicable standard of review for a "stay and abate" motion is set out by *Rhines v. Weber*.[8]   In *Rhines*, the Supreme Court delineated the "limited circumstances" in which a federal habeas court has discretion to stay and abate to allow a petitioner to exhaust claims.   544 U.S. at 277.   The Supreme Court held that a federal court has the authority to stay a mixed habeas petition and hold it in abeyance so that a petitioner can exhaust claims in state court and then return to federal court for review of his perfected petition without having AEDPA's one-year statute of limitations expire.   *Id.*; 28 U.S.C. §2244(d). Nonetheless, recognizing that stay and abeyance has the potential to undermine AEDPA's objectives of reducing delay ("particularly in capital cases") and of encouraging prisoners to raise all claims in state court before seeking federal relief, the Court held that "stay and abeyance should be available only in limited circumstances.   544 U.S. at 276-77.   Specifically, (1) the district court must "determine[] there was good cause for the petitioner's failure to exhaust his claims first in state court"; (2) "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless"; (3) "district courts should place reasonable time limits on a petitioner's trip to state court and back"; and (4) "if a petitioner engages in abusive litigation tactics or

---

[8]      544 U.S. 269 (2005).

intentional delay, the district court should not grant him a stay at all." *Id.* at 277-78. However, in this case, Hunter is not seeking to return to state court to exhaust his claims—he has done that already—thus the *Rhines* standard is inappropriate. Instead, Hunter wants to "relitigate the issue of his mental retardation." Stay Motion at 1.

### B.    Hunter misleads the Court and seeks to delay the proceeding.

Hunter's motion for administrative stay asserts that he should be allowed to return to state court to relitigate his alleged mental retardation. It does not raise a new, unexhausted claim. In an attempt to mislead the Court into agreeing, Hunter makes the following statement.

> Dr. Denkowski, the State's primary witness in the trial of Calvin Hunter, has now been officially reprimanded by the Texas Medical Board. His methods for determining whether an individual was retarded have been found to be medically unsound and they have been rejected by the Texas mental health establishment.

*Id.* at 1-2. Hunter then alludes to his two Denkowski-related claims, which his petition posits as (1)the State violated *Brady v. Maryland* when it sponsored Dr. Denkowski's testimony, and (2) that the trial court violated his due process rights by permitting Dr. Denkowski testimony. Stay motion at 20. In addition to the flaws of the Agreement addressed above, the document is wholly irrelevant to Hunter's Denkowski-related and mental-retardation claims. The Agreement between TSBEP and Dr. Denkowski memorializes the end of their

15

contest.  In it, TSBEP reprimands Dr. Denkowski for violating "Board Rule 465.18(a)(4)"[9] and dismisses the complaints with prejudice, and Dr. Denkowski, based on his desire to end the litigation, agrees not to perform future forensic mental-retardation assessments in criminal proceedings, but denies that he violated a law or Board rule.

Although the Agreement concludes that Dr. Denkowski violated Rule 465.18(a)(4)—"Based on the above Findings"—there is no finding among the four listed that supports that conclusion.  Agreement at 1-2.  The Agreement, thus, is vague and non-specific.  It does not relate any wrongdoing that Dr. Denkowski allegedly did.  Without specificity or more information than it contains, the Agreement does not support Hunter's mental-retardation claims.  Hunter's use of it can only be construed as an attempt to delay this proceeding.

## C.  Hunter's new "evidence" is procedurally barred.

As previously noted, after his first abatement, Hunter took his Denkowski-related claims to the CCA.  The CCA found that Hunter had not met the requirements of Texas Code of Criminal Procedure Article 11.071, Section 5(a), which is well-established as an adequate and independent ground for a state

---

[9]      "A licensee who provides forensic services must comply with all other applicable Board rules and state and federal law relating to the underlying areas of psychology relating to those services."  22 Tex. Admin. Code § 465.18(a)(4) (1999) (Tex. State Board Examiners of Psychologists, Forensic Services).

procedural default ruling barring federal review. *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995). Thus, Hunter's Denkowski-related claims are procedurally barred from federal review. Further, where a state court has explicitly relied on a procedural bar, a state prisoner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice that is attributable to the default. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129(1982); *Wainwright v. Sykes,* 433 U.S. 72 (1977). This is Hunter's burden.

While Hunter may contend that cause for procedural default of his claim exists because the Denkowski matter was not resolved until after he filed his federal petition, he does not raise a new claim in his motion to present to the CCA. Even assuming *arguendo* that a new claim may be discerned from his motion, Hunter cannot establish that he has been prejudiced by the default. The Agreement is vague and completely devoid of specific (or any) facts concerning Dr. Denkowski's MR assessment methods. Furthermore, Hunter does not explain how the Agreement is applicable to his case, or how it would advance his MR claim.

Primarily, however, Hunter has not shown that he is mentally retarded and actually innocent of the death penalty. In three state court proceedings—a jury trial, the direct appeal, and state habeas—Hunter's MR claim failed. In a

fourth state court proceeding—his second habeas application—Hunter set forth evidence of the Denkowski matter and was again rejected.  Because he cannot show that he is mentally retarded, Hunter has not been prejudiced by the unavailability of the Denkowski Agreement.  And Hunter is not entitled to a third state habeas proceeding on his MR claim now that the Denkowski matter has been resolved.

Hunter is simply seeking to delay this proceeding.  The Agreement does not constitute a claim and it would be procedurally defaulted in state court. Hunter's motion for a second administrative stay must be denied.

### D.     Based on his new "evidence," Hunter cannot meet AEDPA's requirements for federal habeas relief.

Hunter's new evidence does not reverse his failure to rebut with clear and convincing evidence the presumption that the jury and the state appellate court correctly determined he is not mentally retarded, as required by AEDPA.  28 U.S.C. §2254(d).  Nor does he render the state habeas court's factual findings upholding the jury's verdict inoperable.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(e)(1); *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998).

18

Absent an unreasonable determination in light of the records, the findings must be given deference. *Micheaux v. Collins*, 911 F.2d 1083, 1085 (5th Cir. 1990) As well as AEDPA's admonition, civil procedure rules require federal deference to state court findings. "Findings of facts, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed. R. Civ. P. 52(a)(6). Using only a vague and non-specific agreement resolving a matter to which he was not a party, Hunter cannot overcome the stringent prerequisites for relief set by AEDPA.

Moreover, if Hunter were to attempt to raise his Denkowski-related claims in a subsequent federal petition, his Denkowski-related evidence would also be barred by AEDPA. Under a ruling by the Fifth Circuit, a claim of innocence of the death penalty cannot be brought under §2244(b)(2)(B)(ii), with newly-discovered evidence.[10] *In re Webster*, 605 F.3d 256 (5th Cir. 2010).

> We now conclude that a petitioner cannot bring a successive claim under § [2244] where he does not assert that the newly discovered evidence would negate his guilt of the offense of which he was convicted, *i.e.*, capital murder.
>
> The result is compelled by the plain language of § [2244(b)(2)(B)(ii)], which does not encompass challenges to a sentence.

---

[10]     This does not prohibit an innocent-of-the-death-penalty claim brought on a §2244(b)(2)(i) new rule of constitutional law ground.

605 F.3d at 257.

Thus, Hunter would be barred from bringing a Denkowski-related claim in a successive federal habeas petition solely on the basis of the Agreement. AEDPA thoroughly forecloses federal relief for Hunter's contention that he is mentally retarded because Dr. Denkowski and the state licensing board for psychologists settled their differences.

## CONCLUSION

For the foregoing reasons, the Court should deny Hunter's motion for discovery under Rule 6, his motion to expand the record under Rule 7, his motion for evidentiary hearing under Rule 8, and his motion for a second administrative stay.

<div style="margin-left: 40%;">

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Assistant Attorney General
Chief, Postconviction Litigation Division

</div>

    s/  Laura Grant Turbin

LAURA GRANT TURBIN*
Assistant Attorney General
State Bar No. 00783644
Southern District Admission No. 35857

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1400
(512) 320-8132 (Fax)
*E-mail:  laura.turbin@oag.state.tx.us*

*Lead Counsel                          ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that on the 12th day of May, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record for petitioner who has consented in writing to accept this Notice as service of this document by electronic means:

Patrick F. McCann
909 Texas Avenue, #205
Houston, Texas  77007
writlawyer@justice.com

    s/  Laura Grant Turbin

LAURA GRANT TURBIN
Assistant Attorney General

21